PENNINGTON COURTS, INCORPORATED, A CORPORATION, AND REUBEN PINK AND WILLIAM PASHMAN, PARTNERS, TRADING AS PINK & PASHMAN, PROSECUTORS, v. THE BOARD OF ADJUSTMENT OF THE CITY OF PASSAIC, THE BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC, AND ALPHA GARTH, RESPONDENTS.

Submitted May term, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Mendelsohn & Mendelsohn.*

For the respondents board of adjustment and board of commissioners of the city of Passaic, *Joseph J. Weinberger.*

For the respondent Alpha Garth, *Max Schomer* (*Nicholas O. Beery* on the brief).

PER CURIAM.

This suit is on writ of *certiorari* to review the action of the board of adjustment of the city of Passaic and the subsequent action of the board of commissioners of that city with respect to the granting of a building permit to the respondent Alpha Garth, to erect a one-story and basement building to be used as a public garage and service station in the Residence C District as set off by the zoning ordinance of the city of Passaic. The Garth property immediately adjoins and abuts upon Business A District wherein, by the ordi-

nance, the erection of public garages is permitted. The proposed garage building, if and when constructed, would extend one hundred and thirty-three and nine-tenths feet from the boundary line of the Business A District. Application for a building permit to construct the garage and gas station was made to the building supervisor and refused by him upon the ground that the proposed building would be in the Residence C District and was a structure prohibited therein by the zoning ordinance. Garth thereupon appealed to the board of adjustment and made application to that body for a variation from the requirements of sections 6, 7, 8 and 13 of the zoning ordinance, those being the effective sections. The board of adjustment passed the following resolution:

"In the matter of the application of Alpha Garth, who desires to erect a public garage, showroom and gas service station at 102-108 Gregory avenue, on a motion made by Mr. King, seconded by Mr. Orre, it was moved that the supervisor of buildings be reversed, the secretary being instructed to communicate with the board of city commissioners so that a resolution might be adopted by the board of city commissioners if said board concurs in the decision as rendered."

The secretary, under that instruction, addressed the following communication to the board of city commissioners:

"Please be advised that after a public hearing, decision has been rendered in the application of Alpha Garth, who desires to erect a public garage on the premises known as 102-108 Gregory avenue.

"The decision of the board of adjustment is that the building supervisor should be reversed. If your board concurs in this decision, it will be necessary to adopt a resolution ordering the supervisor of buildings to issue this permit."

Subsequently the board of commissioners passed the following resolution:

"Resolved, that the board of commissioners of the city of Passaic concur in the decision of the board of adjustment in approving the application of Alpha Garth to erect a public garage on premises known as 102-108 Gregory avenue."

The state zoning law (*Pamph. L.* 1928, *ch.* 274), in the

third subdivision of section 9, empowers the board of adjustment, upon appeal in specific cases, to authorize variances from the terms of the ordinance, provided the structure in question shall not be more than one hundred and fifty feet beyond the boundary line of the district in which such structure or use is authorized by the zoning ordinance; and in the fourth subdivision of section 9 empowers the board of adjustment to recommend in writing to the governing board or board of public works of the municipality, upon appeal in specific cases, that a structure or use be allowed in a district restricted against such structure or use where the lands, in respect of which such recommendation is made, do not abut a district in which such structure or use is authorized by the zoning ordinance, or where such lands are more than one hundred and fifty feet beyond the boundary line of the district in which such structure or use is allowed by the zoning ordinance, and the statute proceeds to direct that if such recommendation shall be approved by the governing body or board of public works, then the administration officer in charge of granting permits shall forthwith issue a permit for such structure or use.

There does not appear to be serious dispute for the proposition that the authority to overrule the denial of the supervisor of buildings and to grant a variance from the zoning restriction lay with the board of adjustment and not with the board of commissioners. The pivotal question hinges around the character of action taken by the board of adjustment and by the board of commissioners, respectively. The prosecutors of the writ contend that the action of the board of adjustment was in essence a recommendation and that the actual granting of the permit was by the board of commissioners. The position of the respondents is that the language of the resolution passed by the board of adjustment is unequivocal and not dependent upon what action the board of commissioners might take, and that the subsequent resolution adopted by the board of commissioners was mere surplusage.

We are unable to agree with the latter suggestion. We perceive no possible reason for the board of adjustment to

have referred the matter in any of its bearings to the board of commissioners, and particularly do we fail to perceive why the board of adjustment should suggest a concurrence by the board of commissioners unless the action of the last named board was considered an essential part of the proceedings. Under the statute complete jurisdiction was vested in the board of adjustment, and no jurisdiction whatsoever was imposed on the board of commissioners. The responsibility of determination was with the board of adjustment and should have been met by that body without reference of any character to the conclusions of the city commissioners. The board of adjustment had power to act but not to recommend. Inasmuch as we find that the action of the board of adjustment was recommendatory, and not determinative, and that the board of commissioners were without jurisdiction, it follows that the actions of both boards must be set aside.